**Michael J. MABIN, Plaintiff-Appellee,**

v.

**LEAR SIEGLER, INC., Defendant-Appellant.**

**No. 71-1697.**

United States Court of Appeals, Sixth Circuit.

March 22, 1972.

Wilfred O. Schmidt, Grand Rapids, Mich., for defendant-appellant; Gordon J. Quist, Peter J. Kok, Grand Rapids, Mich., on brief.

J. Warren Eardley, Grand Rapids, Mich., for plaintiff-appellee; Mika, Meyers, Beckett & Jones, Ronald J. Clark, Grand Rapids, Mich., on brief.

Before McCREE and KENT, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a judgment entered by the District Court, after a trial without a jury, awarding damages to the plaintiff-appellee and against the defendant-appellant for violation of Title 7, § 703(a) (1) Civil Rights Act of 1964, 42 U.S.C.A. 2000e-2(a) (1).

After a three-day trial the District Judge concluded that the appellee had established by competent evidence the existence of racially discriminatory practices with respect to appellee's employment by the appellant. The appellant complains that the trial court relied upon erroneous statistics. The record shows that the statistical information used was taken from a document prepared by the appellant. The trial court was never advised as to any alleged error in the statistical information relied upon.

We recognize that statistical information may be an acceptable method for determining the existence or absence of racially prejudicial employment practices, Jones v. Lee Way Motor Freight, Inc., 431 F.2d 245 (10th Cir. 1970); Parham v. Southwestern Bell Telephone Company, 433 F.2d 421 (8th Cir. 1970), but on this record we are not persuaded that the statistical information was the controlling evidence upon which the trial court relied in reaching its conclusion.

Appellant also complains that the trial court should have credited the testimony of the witnesses for the appellant as opposed to the witnesses for the appellee. The determination of the credibility of witnesses is confided solely to the trier

of the facts and should not be disturbed on appeal except in unusual circumstances.

 Upon examination of the entire record we cannot say that the findings of fact of the trial judge are "clearly erroneous" within the meaning of Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.

The judgment of the trial court is affirmed.